UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REBA WELLS                                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:13cv733-DPJ-FKB

DR. BRANDI NEWKIRK-TURNER
and JACKSON STATE UNIVERSITY                                       DEFENDANTS

ORDER

This suit involves civil-rights and state-law claims brought by a student who received a

failing grade after allegedly cheating on an exam.  The matter is before the Court on Defendants'

Motion for Judgment on the Pleadings and for Qualified Immunity [11].  The Court, having

considered the parties' submissions and the pertinent authorities, finds that Defendants' motion

should be granted as to all claims against Jackson State University ("JSU"); granted as to the

federal claims against Dr. Brandi Newkirk-Turner; and taken under advisement as to the state-

law claims against Newkirk-Turner.  Plaintiff will be given an opportunity to seek leave to

amend some of the dismissed claims.

I.      Facts and Procedural History

Plaintiff Reba Wells is a graduate student at JSU in the College of Public Service, School

of Health Sciences.  According to Wells, Defendant Newkirk-Turner, the interim graduate-

program director in the Communicative Disorders program, informed Wells that a professor and

other students observed Wells cheating on an examination.  Compl. [1] ¶ 8.  Wells avers that she

denied the accusations when confronted, but Newkirk-Turner expelled Wells from the class and

gave her a failing grade for the course.  *Id.* ¶ 10.

Wells contends that other students in the same program had previously been accused of cheating on their examinations yet "were not removed from their classes and not given failing grades for the semester." *Id.* ¶ 11.  Believing Defendants violated her right to equal protection, Wells filed this action against JSU and Newkirk-Turner (in her individual capacity) under 42 U.S.C. § 1983.  Wells also brought state-law claims for defamation and breach of contract.

Defendants answered the Complaint and several months later moved for judgment on the pleadings.  Newkirk-Turner also moved for judgment based on qualified immunity.  Wells eventually filed a four-page Response, in which she also asked for leave to amend.  Defendants filed a Rebuttal.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.    Standard of Review

The standard for deciding a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as that under Rule 12(b)(6).  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).  In considering a motion under Rule 12(c), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).

To overcome a Rule 12(c) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (citation and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply

calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the

necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir.

2008) (citing *Twombly*, 550 U.S. at 556).

Finally, the Supreme Court has provided a framework for examining the sufficiency of a

complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying
> pleadings that, because they are no more than conclusions, are not entitled to the
> assumption of truth.  While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.  When there are
> well-pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

III.    Analysis

A.      Wells's Claims Against Jackson State University

JSU seeks judgment as to all claims based on its Eleventh Amendment immunity.  Defs.'

Mem. [12] at 5–6.  Wells concedes the point.  Pl.'s Resp. [14] at 1.  JSU further argues that it is

not a "person" for purposes of § 1983.  Defs.' Mem. [12] at 6.  Wells does not address this

alternative argument, but JSU is correct.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989).  Accordingly, JSU's Motion for Judgment on the Pleadings is granted.  The § 1983 claim

against JSU is dismissed with prejudice, and any state-law claims are dismissed without prejudice based on JSU's Eleventh Amendment immunity.

B.      Newkirk-Turner's Qualified-Immunity Defense

Defendant Newkirk-Turner asserts qualified immunity as to Wells's equal-protection-based § 1983 claim.  Defs.' Mem. [12] at 7–8.  Wells opposes the motion but alternatively seeks leave to amend her complaint.   Pl.'s Resp. [14] at 1–3.

1.      Qualified Immunity

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."  *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).  "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

> Because qualified immunity constitutes an immunity from suit rather than a mere defense to liability, the defense is intended to give government officials a right not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery . . . as [i]nquiries of this kind can be peculiarly disruptive of effective government.  Thus, adjudication of qualified immunity claims should occur at the earliest possible stage in litigation.

*Id.* (alterations in original) (emphasis deleted) (citations and internal quotation marks omitted).

"If qualified immunity is raised in a motion to dismiss, 'it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.''"  *Senu-Oke v. Jackson State Univ.*, 283 F. App'x 236, 239 (5th Cir. 2008) (per curiam) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

4

To determine if an individual is entitled to qualified immunity, the court applies a two-step analysis.  "First, [the court] ask[s] whether, considered in the light most favorable to the plaintiff, the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights."  *Id.* at 238 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  "If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first prong, . . . [s]he is entitled to qualified immunity."  *Blackwell v. Laque*, No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008) (per curiam).  The second prong requires the court to consider

> whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.  To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions.

*Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007) (citation omitted).  "It is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (citing *Saucier*, 533 U.S. at 201).  Thus:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id.* at 199 (citation and internal quotation marks omitted).

Until recently, district courts were required to address these prongs in order, first determining whether a constitutional violation occurred.  *Saucier*, 533 U.S. at 201.  That mechanical approach was overruled in *Pearson v. Callahan*, freeing district courts to address the

"clearly established" prong of the qualified immunity test before deciding whether a constitutional violation had occurred.  555 U.S. 223, 236 (2009).

"In addition . . ., heightened [pleading] requirements apply to Section 1983 claims against governmental officials in their individual capacities."  *King v. Lawrence Cnty. Bd. of Educ.*, No. 2:12-CV-68-KS-MTP, 2013 WL 319286, at *2 (S.D. Miss. Jan. 28, 2013).  "In order to survive [a motion to dismiss]," a plaintiff must plead the defendant's alleged constitutional violations "with factual detail and particularity, not mere conclusionary allegations."  *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (internal quotation marks omitted).

2.      Wells's § 1983 Claim

Wells pursues a class-of-one equal-protection theory.  *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).  To succeed on a class-of-one claim, "the plaintiff must establish (1) [s]he was intentionally treated differently from others similarly situated and (2) there was no rational basis for any such difference."  *Wilson v. Birnberg*, 667 F.3d 591, 599 (5th Cir. 2012) (internal quotation marks omitted).

Wells acknowledges these elements in her Response but fails to direct the Court to any factual averments in her Complaint suggesting a plausible claim.  Instead—as she did in her Complaint—Wells merely reiterates her belief that she was treated differently without ever identifying the other students or providing any factual averments regarding their circumstances. As already noted, mere conclusory allegations that track the elements of a claim are not given a presumption of truth and fail to satisfy the *Iqbal-Twombly* plausibility test.  *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do . . . .").  They are likewise insufficient to meet the heightened pleading requirements

6

of an individual-capacity § 1983 claim.  *See Anderson*, 184 F.3d at 443 (requiring "factual detail and particularity, not mere conclusionary allegations" to overcome qualified immunity (internal quotation marks omitted)).

Without knowing who the comparators are or the circumstances of their cases, it is impossible to know whether they are similarly situated, whether Newkirk-Turner intentionally treated Wells differently, or whether a rational basis supports the differing decisions.  More to the point, it is impossible to tell whether Wells presents a plausible basis for denying Newkirk-Turner's right to qualified immunity.  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (observing that "'class of one' plaintiffs may (just like other plaintiffs) fairly be required to show that their professed comparison is sufficiently apt") (collecting cases); *TexCom Gulf Disposal, LLC v. Montgomery Cnty., Tex*., No. H-13-2789, 2014 WL 2931943, at *12 (S.D. Tex. June 27, 2014) (granting motion to dismiss class-of-one claim because plaintiff failed to aver sufficient facts to determine whether comparators were similarly situated).  The Court finds that Newkirk-Turner's motion should be granted with respect to the § 1983 claim.

   3. Wells's Request to Amend

In her Response, Wells makes an alternative request for leave to amend her Complaint. Pl.'s Resp. [14] at 3.  In *Hart v. Bayer Corp*., the Fifth Circuit explained that leave to amend should be considered after granting a motion to dismiss:

> [A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing.  Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded *repeated* opportunities to do so.

199 F.3d 239, 247 n.6 (5th Cir. 2000) (emphasis added) (citation omitted).

Despite this standard, Wells faces two problems.  First, she never filed a motion seeking leave to amend as required by Uniform Local Rule 7(b)(3)(C).  Second, what she presented in her Response fails to demonstrate a valid basis for amendment.  It is tempting to conclude that an amendment would be futile.  But absent a motion, the Court declines to issue a ruling.

Accordingly, Wells is given until October 29, 2014, to file a properly supported motion to amend that attaches a proposed amended complaint.  Plaintiff is advised to address the issues raised in Defendants' Rebuttal.  Failure to file a properly supported motion seeking leave to amend will result in the immediate dismissal of the § 1983 claim against Newkirk-Turner with prejudice.  Finally, the Court will address the remaining state-law claims against Newkirk-Turner after the federal claims are resolved.[1]

## IV.   Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant JSU's motion is granted.  The § 1983 claims against it are dismissed with prejudice, and the state-law claims against it are dismissed without prejudice.  Defendant Newkirk-Turner's motion for qualified immunity is granted without prejudice to Wells's opportunity to file a motion seeking leave to amend.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1]Wells's state-law claims against Newkirk-Turner seem infirm as pleaded, but the Court need not explore the issue further at this time; if the federal claims are eventually dismissed, the Court would likely decline supplemental jurisdiction.  If Wells decides to move for leave to amend the § 1983 claim against Newkirk-Turner, she should include a request to amend the state-law claims against the individual defendant and attempt to plead her best case.